UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

BLUE ANGEL CAPITAL I LLC,

                      Plaintiff,

                    v.

THE REPUBLIC OF ARGENTINA,

                    Defendant.

-----------------------------------------------------------------------X

10 Civ. 4101 (TPG)
10 Civ. 4782 (TPG)

**NOTICE OF APPEAL**

        Notice is hereby given that the Republic of Argentina, defendant in the above-captioned case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Order entered in this action on October 3, 2013 granting plaintiff's motion for injunctive and declaratory relief and related discovery, and from all underlying and/or associated orders and opinions.

Dated: New York, New York
       November 1, 2013

                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                      By: /s/ Carmine Boccuzzi
                            Jonathan I. Blackman (jblackman@cgsh.com)
                            Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                      One Liberty Plaza
                      New York, New York 10006
                      (212) 225-2000

                      Attorneys for the Republic of Argentina

Case 1:10-cv-05338-TPG   Document 91   Filed 10/03/13   Page 1 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------- x
                      :

NML CAPITAL, LTD.,                              :        08 Civ. 6978 (TPG)
                      :        09 Civ. 1707 (TPG)
         Plaintiff,             :        09 Civ. 1708 (TPG)
                      :

         v.                    :

THE REPUBLIC OF ARGENTINA,                      :

         Defendant.             :
                      :
---------------------------------------------------- x
                      :

AURELIUS CAPITAL MASTER, LTD. and              :
ACP MASTER, LTD.,                              :        09 Civ. 8757 (TPG)
                      :        09 Civ. 10620 (TPG)
         Plaintiffs,            :

         v.                    :

THE REPUBLIC OF ARGENTINA,                      :

         Defendant.             :
                      :
---------------------------------------------------- x
                      :

AURELIUS OPPORTUNITIES FUND II, LLC            :
and AURELIUS CAPITAL MASTER, LTD.,             :        10 Civ. 1602 (TPG)
                      :        10 Civ. 3507 (TPG)
         Plaintiffs,            :

         v.                    :

THE REPUBLIC OF ARGENTINA,                      :

         Defendant.             :
                      :        **(captions continued on next page)**
---------------------------------------------------- x

## [PROPOSED] ORDER

15019832

```
------------------------------------------------------   :
AURELIUS CAPITAL MASTER, LTD. and       :
AURELIUS OPPORTUNITIES FUND II,          :   10 Civ. 3970 (TPG)
LLC,                                              :   10 Civ. 8339 (TPG)
                                                  :
          Plaintiffs,                              :
                                                  :
                                                  :
v.                                                :
                                                  :
THE REPUBLIC OF ARGENTINA,               :
                                                  :
          Defendant.                               :
------------------------------------------------------   x
BLUE ANGEL CAPITAL I LLC,                    :
                                                  :
          Plaintiff,                               :   10 Civ. 4101 (TPG)
                                                  :   10 Civ. 4782 (TPG)
v.                                                :
                                                  :
THE REPUBLIC OF ARGENTINA,               :
                                                  :
          Defendant.                               :
------------------------------------------------------   x
OLIFANT FUND, LTD.,                          :
                                                  :
          Plaintiff,                               :   10 Civ. 9587 (TPG)
                                                  :
v.                                                :
                                                  :
THE REPUBLIC OF ARGENTINA,               :
                                                  :
          Defendant.                               :
------------------------------------------------------   x
PABLO ALBERTO VARELA, et al.,               :
                                                  :
          Plaintiff,                               :   10 Civ. 5338 (TPG)
                                                  :
v.                                                :
                                                  :
THE REPUBLIC OF ARGENTINA,               :
                                                  :
          Defendant.                               :
------------------------------------------------------   x
```

WHEREAS, in Orders dated December 7, 2011, and December 13, 2011, this Court found that, under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA"), the Republic of Argentina (the "Republic") is "required . . . at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness."

WHEREAS, in its December 7, 2011 and December 13, 2011 Orders, this Court granted partial summary judgment to Plaintiffs on their claims that the Republic has breached, and continues to breach, its obligations under Paragraph 1(c) of the FAA by, among other things, "ma[king] payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Plaintiffs' bonds."[1]

WHEREAS, in Orders dated February 23, 2012 entered in the above-captioned actions (the "February 23 Orders"), this Court granted Plaintiffs' motions for equitable relief as a remedy for such violations of the FAA pursuant to Rule 65(d) of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.[2]

WHEREAS, in an Order dated March 5, 2012 (the "March 5 Order"), the Court stayed the February 23 Orders pending appeal, and also enjoined the Republic as follows (the "Anti-Evasion Injunction"):

> [T]he Republic shall not during the pendency of the appeal to the Second Circuit take any action to evade the directives of the February 23, 2012 Orders in the event they are affirmed, render them ineffective in the event they are affirmed, or diminish the

---

[1]     The term "Exchange Bonds," as in the Amended February 23 Orders, refers to the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future.

[2]     The Court granted to Olifant Fund, Ltd. the relief that it granted to the plaintiffs in the other above-captioned actions in a single order, dated February 23, 2012.

> Court's ability to supervise compliance with the February 23, 2012
> Orders in the event they are affirmed, including without limitation,
> altering or amending the processes or specific transfer mechanisms
> by which it makes payments on the Exchange Bonds, without prior
> approval of the Court.
>
> ...
>
> This Court shall retain jurisdiction to monitor and enforce this
> ORDER, and, on notice to the parties, to modify, amend, or extend
> it as justice requires to achieve its equitable purposes and account
> for materially changed circumstances, including any failure by the
> Republic to abide by Paragraph (2) herein.

WHEREAS, in an Opinion dated October 26, 2012 (the "October 26 Opinion"), the

United States Court of Appeals for the Second Circuit affirmed the February 23, 2012 Orders in

part and remanded in part "for such proceedings as are necessary to address the operation of the

payment formula and the Injunctions' application to third parties and intermediary banks."

WHEREAS, following this Court's request for an affidavit ensuring that the Anti-

Evasion Injunction would be complied with notwithstanding contrary statements to the press, the

Republic submitted the Declaration of Francisco Guillermo Eggers, the Republic's Director of

the National Bureau of Public Credit of the Ministry of Economy and Public Finance, dated

November 16, 2012, representing "that the Republic has complied, is complying, and will

comply with the terms of the March 5 Stay Order."

WHEREAS, the Court resolved the issues remanded for clarification by the Second

Circuit in an Opinion, dated November 21, 2012 and an "Amended February 23 Order," dated

November 21, 2012, entered in each of the above-referenced actions.

WHEREAS, in an "Order Concerning The March 5, 2012 Order," dated November 21,

2012, the Court vacated the clause staying enforcement of its injunction pending appeal, but left

in place its injunction prohibiting Argentina from taking any action to evade the injunction.

WHEREAS, in an Order dated November 28, 2012, the Second Circuit ordered "that the November 21, 2012 orders of the district court entered in relation to this matter are all stayed pending further order of [the Second Circuit]," but did not stay the March 5 Order.

WHEREAS, on June 24, 2013, the Republic filed a petition for a writ of certiorari with respect to the October 26 Opinion.

WHEREAS, in an Opinion dated August 23, 2013 (the "August 23 Opinion"), the Second Circuit affirmed the Amended February 23 Orders, but stayed enforcement of the Amended February 23 Orders pending the resolution of a petition for a writ of certiorari.

WHEREAS, the August 23, 2013 opinion noted that "Argentina's officials have publicly and repeatedly announced their intention to defy any rulings of this Court and the district court with which they disagree." *NML Capital, Ltd. v. Republic of Argentina*, No. 12-105, 2013 WL 4487563, at *1 (2d Cir. Aug. 23, 2013).

AND WHEREAS, on August 26, 2013, the President of Argentina, Cristina Fernández de Kirchner, announced in a nationally-televised address that the Republic will establish procedures allowing holders of Exchange Bonds to replace these instruments with nearly identical instruments that are payable within the Republic, in an apparent attempt to evade the directives of the Amended February 23 Orders.

**IT IS HEREBY**:

1.     DECLARED that the Anti-Evasion Injunction of the March 5 Order has been and remains continuously in full force and effect.

2.     ORDERED that the Republic shall not—either directly or through any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic—take any action to attempt to evade the purposes and directives of the

Amended February 23 Orders, attempt to render those Orders ineffective, or attempt to diminish the Court's ability to supervise compliance with the Amended February 23 Orders, including without limitation, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without prior approval of the Court. This paragraph shall remain in effect during the pendency of any petition to the United States Supreme Court for a writ of certiorari with respect to the October 26 Opinion or the August 23 Opinion, any proceeding on the merits in the United States Supreme Court, and any proceedings on remand, unless a further order of the Court states otherwise.

3.      DECLARED that for the avoidance of doubt (i) the implementation of the plan to allow Exchange Bonds to be exchanged for securities or similar instruments payable in Argentina, which was announced by President Fernández de Kirchner in her speech of August 26, 2013, (ii) implementation of any functionally equivalent or reasonably similar plan, or (iii) any step towards implementing (including without limitation the formulation or design of) such a plan or a functionally equivalent or reasonably similar plan, each would violate the Anti-Evasion Injunction of the March 5 Order and Paragraph 2 of this ORDER.

4.      ORDERED that with respect to any plan or proposal that may have the purpose, effect or intent, either directly or indirectly, of violating the Anti-Evasion Injunction or Paragraph 2 of this ORDER, including without limitation the measures described in Paragraph 3 of this ORDER, or which may be deemed by a reasonable person to have such purpose, effect or intent, the Republic shall disclose to Plaintiffs, within five business days of the entry of this ORDER, the existence and content of any communications between the Republic (or any representative, agent, instrumentality, political subdivision, or other person or entity acting on behalf of the Republic) and: (i) any holders of beneficial interests in the Exchange Bonds or any

6

registered owners of the Exchange Bonds; (ii) any trustee, indenture trustee, paying agent, trustee paying agent, transfer agent, or any agent under the relevant indenture and global notes for the Exchange Bonds; (iii) any registrar, clearing corporations and systems, operators of clearing systems, settlement agents, depositary, depositary participant or custodian for the Exchange Bonds; (iv) any banking, financial, trust or custodial institution and any coordinator, manager, solicitation agent, tender or exchange agent, or financial advisor; (v) any United States or international regulator or government entity; or (vi) any agent, representative, or other person acting on behalf of the persons identified in parts (i), (ii), (iii), (iv), or (v) of this paragraph.  For the avoidance of doubt, this disclosure shall include the identity of all parties to the communication, the date and nature of the communication, a detailed description of the content of the communication, and any documents or records constituting or associated with the communication (including without limitation any e-mails, attachments, facsimile transmissions, or other written materials).  To the extent that any such communications come into existence after the date of this ORDER, such communications shall be disclosed to the Court and to Plaintiffs' respective counsel within five business days of the sending or receipt of such communications.

5.      This Court shall retain jurisdiction to monitor and enforce this ORDER, and, on notice to the parties, to modify, amend, or extend it as justice requires to achieve its equitable purposes and to account for materially changed circumstances, including any failure by the Republic to abide by the terms of the ORDER.

Dated: New York, New York
~~September ____, 2013~~

Oct. 3, 2013

_____
Thomas P. Griesa
U.S. District Judge