| Dechert LLP | Friedman Kaplan Seiler | Goodwin Procter LLP | Milberg LLP |
| --- | --- | --- | --- |
| 1095 Avenue of the Americas | & Adelman LLP | 53 State Street | One Pennsylvania Plaza |
| New York, NY 10036 | 7 Times Square | Boston, MA 02109 | New York, NY 10119 |
| | New York, NY 10036 | | |

December 5, 2014

Reynolds Porter Chamberlain LLP
Tower Bridge House
St. Katharine's Way
London E1W 1AA
Attention: Tom Hibbert – tom.hibbert@rpc.co.uk

Re:   HC14B03236 - Knighthead Master Fund LP & ors v The Bank of New York Mellon & anr ('the English Proceedings")

Dear Sirs:

As noted below, we act on behalf of our respective clients who are plaintiffs (collectively, the "Plaintiffs") in proceedings (collectively, the "New York Proceedings") currently pending before the United States District Court for the Southern District of New York (the "New York District Court"). The captions and case numbers for the New York Proceedings are set forth in Exhibit A, and with respect to these proceedings, plaintiffs together hold claims against the Republic of Argentina that currently total approximately $1.7 billion. The New York Proceedings are the actions referred to in paragraph 8 of the November 6, 2014 Judgment of Mr. Justice Newey (the "Judgment"), and it is in the New York Proceedings that Judge Thomas P. Griesa of the New York District Court has entered the February 23, 2012 Orders (as amended by Orders dated November 21, 2012) (the "Equal Treatment Orders")). In this letter, and except where it otherwise appears, we adopt the definitions used in the Judgment.

This letter is written without any submission on our clients' part to the jurisdiction of the High Court of England and Wales (the "English Court") for any purpose.

Having considered the materials provided, our clients will not be making an application to the English Court to be heard at the adjourned hearing of your clients' application for the two declarations referred to in paragraph 20 of the Judgment (the "Declarations"). Our clients are of the view that England is not the proper forum to determine the matters raised in the English Proceedings and, in particular and for present purposes, the Declarations. Further, and in any event, the Declarations sought by your clients have now been overtaken by the Order issued by Judge Griesa on November 25, 2014, in the New York Proceedings, which denied your clients' pending motion. That Order necessarily decided the issues that your

clients first raised and litigated in New York and, having lost, are now improperly attempting to relitigate in London. A copy of the Order is attached as Exhibit B.

The English Proceedings brought by your clients are a blatant attempt at forum shopping. As you well know, a group of holders of beneficial interests in euro-denominated Exchange Bonds (the "Euro Bonds"), including your clients and related parties (the "Euro Bondholders"), some time ago (and long before the English Proceedings were issued) invoked the jurisdiction of the United States courts in the New York Proceedings in respect of these same matters. They participated in proceedings before the New York District Court and United States appellate courts, and sought the same ultimate relief they seek in the English Court – i.e., to exclude the Euro Bonds from the scope of the Equal Treatment Orders - and have lost on every occasion.

Having met with no success in their prior efforts and having received an unfavorable indication from Judge Griesa with respect to their most recent application, your clients then belatedly decided to try to pre-empt, circumvent or undermine the final orders of the United States courts and an anticipated adverse ruling on their most recent application to the New York District Court by bringing a second set of proceedings raising the same issues before the English Court, where they hope for a better outcome.

Before the amended Equal Treatment Orders were entered, the Euro Bondholders asked the United States courts on several occasions to exclude the Euro Bonds from the scope of the orders. Those requests were rejected by all courts that considered them, and the Equal Treatment Orders have become final and are no longer appealable. The Euro Bondholders, however, have continued to challenge the application of the Equal Treatment Orders to the Euro Bonds.

When the Republic, in a defiant and contemptuous breach of the Equal Treatment Orders, attempted on June 26, 2014 to pay approximately $539 million (including approximately EUR 226 million) to an account in the name of the Bank at the Banco Central de la Republica de Argentina ("the June Payment"), the Euro Bondholders again requested that the New York District Court clarify the Equal Treatment Orders to exclude the Euro Bonds. That request was rejected. Undeterred, two days later on June 29, 2014, the Euro Bondholders filed a motion in the New York District Court seeking the same relief ("the Euro Bondholders' Motion"). In making their motion, the Euro Bondholders specifically raised issues of English law, including that:

- The June Payment was the property of the Euro Bondholders, held by the Bank under an English law trust.
- The Trust Indenture obliged the Bank to pay the June Payment to the Euro Bondholders.
- The Equal Treatment Orders operated to prevent the Bank from fulfilling its obligations under English Law.

2

- In deciding what should happen to the June Payment, the New York District Court would have to decide issues of English law.

Based upon these arguments, the Euro Bondholders asked the New York District Court to permit the Bank to transfer the sums that it had received from the Republic to the Euro Bondholders and to permit the Bank to transfer all future violative payments that the Republic makes on the Euro Bonds.

The Euro Bondholders' Motion thus sought the same relief from the New York District Court that the Euro Bondholders later sought from the English Court, relying on and putting in issue many of the same assertions and issues that they subsequently raised in the English Proceedings. In particular, the Euro Bondholders had asked the New York District Court to consider questions of the ownership of and entitlement to the June Payment, as well as the obligations of the Bank under the Trust Indenture and the effect of the Equal Treatment Orders on those obligations. We note that, conspicuously, your clients commenced the English Proceedings only after Judge Griesa gave a strong indication at a hearing on July 22, 2014 (page 38 of the official transcript) that it was likely that he would rule against your clients on their motion, and after he had entered (over the objections of the Euro Bondholders) an order dated August 6, 2014 (the "August 6 Order") which required the Bank to hold the June Payment pending further order of the New York District Court. The Euro Bondholders' appeal of the August 6 Order has been dismissed.

On November 25, 2014 Judge Griesa entered an order denying the Euro Bondholders' Motion. The New York District Court has therefore indisputably decided that the Euro Bonds are within the scope and operation of the Equal Treatment Orders and your clients' attempt to pre-empt or head off that manifestly correct ruling by seeking the Declarations in the English Proceedings has failed.

As seems to have been admitted by your clients' counsel in the hearing before Mr. Justice Newey, they are seeking the Declarations in the English Proceedings only because they have so far been unsuccessful before the United States courts and wished to *"back-up"* the Euro Bondholders' Motion to the New York District Court. This was always unacceptable forum shopping and is an abuse of process of the English court. Your clients plainly anticipated that the New York District Court would deny the Euro Bondholders' Motion and wished to obtain the Declarations in England either to contradict or complicate the determination of the Euro Bondholders' Motion by Judge Griesa. Judge Griesa's recent ruling has overtaken this attempt at forum shopping and has now removed any rationale for your clients to continue to pursue the Declarations. The stated purpose of the Declarations is now obviated, the request for the Declarations is moot, and your clients ought in the circumstances to abandon their application seeking such Declarations.

We also observe that the New York District Court is well able to determine issues relating to the English law of trusts, given the similarity with New York law, and has a wealth of

experience in and well established procedures for deciding issues of foreign law. In fact, your clients could have introduced evidence of English law in the forum they originally chose for these issues (the New York District Court) if they so wished but, for their own reasons, did not do so. In these circumstances it is, in our clients' view, inappropriate for your clients to try to circumvent this process by seeking declarations in England as to principles of foreign law that the New York District Court would be perfectly capable of determining in accordance with its usual procedures. Indeed, the Euro Bondholders have now twice asked the New York District Court to defer to the English Court proceedings – with respect the Euro Bondholders' Motion and the turnover motions directed at the funds held by the Bank – and both times Judge Griesa has declined the invitation.

From the materials you supplied to us we note that your clients also raise various complaints in the English Proceedings about the Equal Treatment Orders and the August 6 Order. As you well know, the Equal Treatment Orders prohibit Argentina from making a payment to the Euro Bondholders without also making a Ratable Payment to Plaintiffs, and the August 6 Order compels the Bank to retain the June Payment. Both orders remain in force and the attempts made by your clients and the Republic to appeal them have been unsuccessful. The English Proceedings, however, seek an order that the Bank transfers these same funds *"forthwith"* to another Bank entity for distribution to the Euro Bondholders. That relief would be directly inconsistent with and can on no basis be reconciled with the orders of the United States courts and, in the circumstances, seeking such relief is nothing short of an abusive and cynical collateral attack on that Court's orders which the English Court ought not to countenance. Among other things, the issuance of the order sought in the English Proceedings would place a New York entity (the Bank) in contempt of a final order of the United States courts. Put simply, your clients lost in the United States and want to circumvent or undermine that defeat by having another go in England.

In all the circumstances, it would be inappropriate for the English Court to make any substantive order or declaration. The true motives of your clients in issuing the English Proceedings appear to be: (1) to circumvent or undermine the anticipated adverse ruling of the New York District Court with respect to the Euro Bondholders' Motion (which has now been decided), and (2) to launch a collateral attack on the Equal Treatment and August 6 Orders.

We would also observe that the English Proceedings are plainly a self-serving attempt to make good on a threat the Euro Bondholders expressed to Judge Griesa. In their reply memorandum to the New York Court dated July 21, 2014, the Euro Bondholders asserted that the Equal Treatment Order gave rise to conflicting obligations that would *"lead to litigation around the world"* and *"liability [for the Bank] in foreign courts."* The Euro Bondholders then issued the English Proceedings and attempted to expedite those proceedings, specifically to crystallize that threat.

4

For all the above reasons, our clients do not wish to validate your clients' tactical and abusive conduct by participating in the English Proceedings. Our clients do not therefore propose to apply to be heard in relation to the Declarations and do not submit in any way to the English Court's jurisdiction in relation to the English Proceedings or for any other purpose. Our clients' rights remain fully reserved.

Please confirm that this letter will be drawn to the attention of the Court at such hearing as may occur on December 17-19, 2014, or any adjournment thereof.

Very truly yours,

Robert A. Cohen
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6796
*Attorneys for NML Capital, Ltd.*

Edward A. Friedman
FRIEDMAN KAPLAN SEILER
 & ADELMAN LLP
7 Times Square
New York, New York 10036-6516
*Attorneys for Aurelius Capital Master, Ltd.*
*Aurelius Opportunities Fund II, LLC,*
*ACP Master, Ltd., and*
*Blue Angel Capital I LLC*

Robert D. Carroll
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
*Attorneys for Olifant Fund, Ltd.*

Michael C. Spencer
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
*Attorneys for Pablo Alberto Varela, et al.*

Cc: Clerk to Mr. Justice Newey
 Allen & Overy LLP
 Honorable Thomas P. Griesa
 Eric A. Schaffer, Esq.
 Christopher J. Clark, Esq.

# EXHIBIT A

Captions and Case Names for New York Proceedings

*NML Capital, Ltd. v. The Republic of Argentina,*
Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG)

*Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. The Republic of Argentina,*
Nos. 09 Civ. 8757 (TPG), 09 Civ. 10620 (TPG)

*Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd.*
*v. The Republic of Argentina,* Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG)

*Aurelius Capital Master, Ltd. and Aurelius Opportunities Fund II, LLC*
*v. The Republic of Argentina,* Nos. 10 Civ. 3970 (TPG), 10 Civ. 8339 (TPG)

*Blue Angel Capital I LLC v. The Republic of Argentina,*
Nos. 10 Civ. 4101 (TPG), 10 Civ. 4782 (TPG)

*Olifant Fund, Ltd. v. The Republic of Argentina,*
No. 10 Civ. 9587 (TPG)

*Pablo Alberto Varela, et al. v. The Republic of Argentina,*
No. 10 Civ. 5338 (TPG)

# EXHIBIT B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

NML CAPITAL, LTD., : 08 Civ. 6978 (TPG)
: 09 Civ. 1707 (TPG)
        Plaintiff, : 09 Civ. 1708 (TPG)
:
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
        Defendant. :
------------------------------------------------------- x
:
AURELIUS CAPITAL MASTER, LTD. and :
ACP MASTER, LTD., : 09 Civ. 8757 (TPG)
: 09 Civ. 10620 (TPG)
        Plaintiffs, :
:
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
        Defendant. :
------------------------------------------------------- x
:
AURELIUS OPPORTUNITIES FUND II, :
LLC and AURELIUS CAPITAL MASTER, : 10 Civ. 1602 (TPG)
LTD., : 10 Civ. 3507 (TPG)
:
        Plaintiffs, :
:
v. :
:
THE REPUBLIC OF ARGENTINA, :
: (captions continued on next page)
        Defendant. :
:
------------------------------------------------------- x

**ORDER**

```
------------------------------------------------ x
AURELIUS CAPITAL MASTER, LTD. and               :
AURELIUS OPPORTUNITIES FUND II,                 :     10 Civ. 3970 (TPG)
LLC,                                            :     10 Civ. 8339 (TPG)
                                                :
                    Plaintiffs,                 :
                                                :
        v.                                      :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                    Defendant.                  :
------------------------------------------------ x
BLUE ANGEL CAPITAL I LLC,                       :
                                                :
                    Plaintiff,                  :     10 Civ. 4101 (TPG)
                                                :     10 Civ. 4782 (TPG)
        v.                                      :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                    Defendant.                  :
------------------------------------------------ x
OLIFANT FUND, LTD.,                             :
                                                :
                    Plaintiff,                  :     10 Civ. 9587 (TPG)
                                                :
        v.                                      :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                    Defendant.                  :
------------------------------------------------ x
PABLO ALBERTO VARELA, et al.,                   :
                                                :
                    Plaintiff,                  :     10 Civ. 5338 (TPG)
                                                :
        v.                                      :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                    Defendant.                  :
------------------------------------------------ x
```

Pending before the Court is the fully briefed June 29, 2014 "Emergency Motion for Clarification" filed by the non-party "Euro Bondholders" (as defined in the "Notice of Emergency Motion for Clarification"), seeking an order concerning the Court's Amended February 23, 2012 Order, dated November 21, 2012 (the "Injunction"). Specifically, the Euro Bondholders ask for an order clarifying that the Injunction does not apply to certain third parties that process payments on Exchange Bonds, as defined in the Injunction.

The Court declines to grant the requested order. To do so would start making important exceptions to the basic ruling and Injunction, which was issued by the Court and affirmed by the Court of Appeals for the Second Circuit.

Motion denied.

SO ORDERED.

Dated: New York, New York
       November 25, 2014

Thomas P. Griesa
U.S. District Judge