# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT S. SMITH
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
COUNSEL

DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
MARC G. FARRIS
ANDREW C. KOSTIC
JOHN OSTER

March 13, 2015

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *NML Capital, Ltd. v. The Republic of Argentina*
        Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
      *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
        Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
      *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
        Nos. 10 Civ. 1602, 10 Civ. 3507
      *Blue Angel Capital I LLC v. The Republic of Argentina*
        Nos. 10 Civ. 4101, 10 Civ. 4782
      *Olifant Fund, Ltd. v. The Republic of Argentina*
        No. 10 Civ. 9587
      *Pablo Alberto Varela, et al. v. the Republic of Argentina*
        No. 10 Civ. 5338

Dear Judge Griesa:

We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC, and write on behalf of all of the plaintiffs in the above-referenced actions ("Plaintiffs") in response to the letter to the Court from counsel for Citibank, N.A. ("Citibank") dated March 12, 2015 in which Citibank requests that the Court stay enforcement of its July 28, 2014 Order and its Opinion dated March 12, 2015 denying Citibank's motion to vacate the

Hon. Thomas P. Griesa — - 2 - — March 13, 2015

Court's July 28, 2014 Order.  Plaintiffs oppose Citibank's request, and respectfully request that the Court deny Citibank's requested stay.

The standard for evaluating an application for a stay pending appeal is firmly established.  It requires the Court to weigh: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation and internal quotation marks omitted).  Citibank cannot satisfy any of these elements.

First, Citibank does not even attempt to explain why it might have any chance of success on appeal.  To the contrary, the Second Circuit has already heard Citibank's appeal from the July 28, 2014 Order, and dismissed that appeal, ruling that such order merely clarified the Injunction it previously affirmed.

Second, Citibank makes no showing that it will be irreparably harmed.  Citibank's letter simply re-hashes arguments already made and already rejected by the Court and the Second Circuit.  Once again, Citibank alleges that it may be sanctioned by Argentina for complying with the Injunction.  As the Court held in the March 12 Opinion, threats from Argentina are not a proper basis to modify the Injunction.  For the same reasons, those threats are not a proper basis for a stay of the Injunction.  The Republic's refusal to "observe the judgments of the court to whose jurisdiction it acceded" does not provide a basis for "abrogating those judgments, or creating exceptions to the Injunction designed to enforce them."  Opinion at 13.  Likewise, the Second Circuit has held that "harm threatened to third parties by a party subject to an injunction who avows not to obey it . . . does not make an otherwise lawful injunction 'inequitable,'" and that it is "unwilling to permit Argentina's threats to punish third parties to dictate the availability or terms of relief under Rule 65." *NML Capital, Ltd. v. The Republic of Argentina*, 727 F.3d 230, 242 (2d Cir. 2013).  Argentina's alleged threats cannot constitute the supposed irreparable harm that is the basis for the Court to exercise its equitable discretion to grant a stay pending appeal.

Third, a stay will harm Plaintiffs by allowing Argentina yet again to disregard its obligations under the Equal Treatment Provision, and Citibank's arguments to the contrary are without merit.  Citibank summarily asserts that Plaintiffs will not be harmed by a stay because they consented to payments made in September and December 2014.  But Plaintiffs consented to those payments in order to accommodate the schedule set by the Court for discovery and further briefing of Citibank's motion; Plaintiffs were not in any way conceding that they were not harmed by these payments, and did not agree that their consent could be used against them later on.

Fourth, the public interest would be *disserved* by giving Citibank a pass on complying with the Injunction on account of Argentina's alleged threats.  The public

Hon. Thomas P. Griesa - 3 - March 13, 2015

interest is best served by enforcing the rule of law, and the Injunction which the Court entered more than two years ago.

   Accordingly, Plaintiffs respectfully request that the Court deny Citibank's request for a stay in its entirety.

               Respectfully yours,

               *Edward A. Friedman*

               Edward A. Friedman

cc: (by e-mail)
  Karen Wagner, Esq.
  Carmine Boccuzzi, Esq.
  Matthew McGill, Esq.
  Leonard F. Lesser, Esq.
  Michael Spencer, Esq.
  Robert Cohen, Esq.