# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT S. SMITH
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
SCOTT M. BERMAN
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG
JEFFREY C. FOURMAUX
JASON C. RUBINSTEIN
MICHAEL A. GORDON

7 TIMES SQUARE
NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
212-833-1102

WRITER'S DIRECT FAX
212-373-7902

E-MAIL
EFRIEDMAN@FKLAW.COM

RICHARD M. HOFFMAN
SENIOR COUNSEL

NORMAN ALPERT
ASAF REINDEL
COUNSEL

DANIEL R. GREENBERG
TIMOTHY M. HAGGERTY
CHRISTOPHER M. COLORADO
CHRISTOPHER L. McCALL
ERIC J. FINKELSTEIN
JENNIFER A. MUSTES
EMILY L. CHANG
ANDREW M. ENGLANDER
CHARLES E. ENLOE
ALEXANDER D. LEVI
ELIZABETH L. MACCHIAVERNA
SARAH F. FOLEY
JAMUNA D. KELLEY
MICHAEL S. PALMIERI
ELLIOT CHOI
TANVIR VAHORA
NORA BOJAR
KEVIN J. LIN
MARC G. FARRIS
ANDREW C. KOSTIC
JOHN OSTER

March 17, 2015

Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *NML Capital, Ltd. v. The Republic of Argentina*
        Nos. 08 Civ. 6978, 09 Civ. 1707, 09 Civ. 1708
      *Aurelius Capital Master, Ltd. v. The Republic of Argentina*
        Nos. 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 3970, 10 Civ. 8339
      *Aurelius Opportunities Fund II, LLC v. The Republic of Argentina*
        Nos. 10 Civ. 1602, 10 Civ. 3507
      *Blue Angel Capital I LLC v. The Republic of Argentina*
        Nos. 10 Civ. 4101, 10 Civ. 4782
      *Olifant Fund, Ltd. v. The Republic of Argentina*
        No. 10 Civ. 9587
      *Pablo Alberto Varela, et al. v. the Republic of Argentina*
        No. 10 Civ. 5338

Dear Judge Griesa:

    We represent plaintiffs Aurelius Capital Master, Ltd., Aurelius Opportunities Fund II, LLC, ACP Master, Ltd., and Blue Angel Capital I LLC, and write on behalf of all of the plaintiffs in the above-referenced actions ("Plaintiffs") in response to the letter to the Court from counsel for Citibank, N.A. ("Citibank") dated March 17, 2015, in which Citibank renews its request for a stay of this Court's March 12, 2015 Opinion and Order so that Citibank may "develop, and execute, a plan to exit the custody business in Argentina." Plaintiffs respectfully submit that the Court should deny Citibank's request.

Hon. Thomas P. Griesa - 2 - March 17, 2015

    First, there is no merit to Citibank's claim that its stated intention to exit the custody business creates any kind of emergency need for a stay.  The Court's July 28 Order made clear that the Injunction prohibited payment on the Argentine Law Exchange Bonds.  When Citibank appealed from that order, the Second Circuit judges were openly critical of Citibank for having failed to take steps—which Citibank's counsel acknowledged to the Second Circuit could be taken—to enable it to comply with its obligations under the Injunction.  On September 19, 2014, the Second Circuit dismissed Citibank's appeal from the July 28 Order, ruling that such order merely clarified the Injunction.  Now, six months later, Citibank is saying that its obligations to comply with the Injunction and the July 28 Order create an emergency that warrants a stay.  Has Citibank simply been assuming the July 28 Order would be vacated, notwithstanding the Second Circuit ruling?  That would not be appropriate nor provide any basis for a stay.

    Second, Citibank is not offering any assurances or commitments that it will, in fact, actually end its role in making these payments.  Nor does Citibank begin to explain what it will be doing or for how long if the stay is granted, whether the plan it is contemplating will diminish the Court's ability to supervise compliance with the Injunction.  Yet the Injunction expressly requires judicial approval before any change to the payment process for the Exchange Bonds can be made.  Perhaps most tellingly, Citibank offers no assurance that Citibank will not appeal from the March 12, 2015 decision of this Court.  To the contrary, press reports indicate that Citibank intends to continue to fight this Court's ruling even if it gets a stay.[1]  In other words, Citibank seems to be once again asking for a stay pending appeal, which this Court has already denied.  If, as appears to be the case, Citibank is saying it intends to exit the custody business, but if an appeal can be pursued and Citibank is successful then Citibank will stay in the custody business, that is not a basis for this Court to reverse its decision of three days ago denying the stay.

    Finally, as this Court and the Second Circuit have already ruled, Citibank's argument that it is facing threats from the Republic is not a legally valid basis for varying the Injunction.  Moreover, Citibank has presented only speculative, indefinite assertions about what might happen in the event it honors this Court's orders.  Even the letter that Citibank submitted this morning from the Finance Ministry says only that Citibank's failure to process payments "may result" in license suspension or revocation.  This letter was a mere reiteration of threats made by Argentina in August of 2014.  Indeed, Plaintiffs' counsel in Argentina has advised that, under Argentine Law, the Ministry of Economy lacks the authority to revoke a banking license—that power is

---

[1] *See* Jonathan Stempel, *Citigroup to exit Argentina custody business amid bond turmoil*, Reuters, Mar. 17, 2015, http://www.reuters.com/article/2015/03/17/us-argentina-citigroup-idUSKBN0MD1IW20150317; Alexandra Stevenson, *As Argentina and Hedge Funds Battle, Citigroup Bows Out*, N.Y. Times, Mar. 17, 2015, http://www.nytimes.com/2015/03/18/business/dealbook/citigroup-in-middle-of-hedge-fund-argentina-face-off-to-close-its-argentine-business.html.

Hon. Thomas P. Griesa                - 3 -                           March 17, 2015

reserved to the Argentine Central Bank (copied on the Republic's letter) pursuant to Law 21,526, cited in the Republic's letter. The Republic has yet to affirm to this Court that it will, in fact, seek to revoke Citibank's banking license if Citibank complies with the Injunction. The letters that Citibank has proffered to the Court represent nothing more than hints and innuendo—and cannot justify a stay.

        Accordingly, for all these reasons, the Court should deny Citibank's renewed request for a stay. If Citibank continues to believe that a stay is warranted after this Court's denial, Citibank has the right to seek a stay in the Second Circuit.

        Respectfully yours,

*Edward A. Friedman*

        Edward A. Friedman

cc: (by e-mail)
    Karen Wagner, Esq.
    Carmine Boccuzzi, Esq.
    Matthew McGill, Esq.
    Leonard F. Lesser, Esq.
    Michael Spencer, Esq.
    Robert Cohen, Esq.